

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4065
Re: Is the plan of the Reserve Loan
Life Insurance Company and the
American Liberty Oil Company as
described lawful?

Your letter requesting an opinion of this department on the above stated question reads as follows:

"The Reserve Loan Life Insurance Company of Dallas, Texas, is organized pursuant to Chapter 3, Title 78, Revised Civil Statutes of Texas, with $250,000 capital, and the American Liberty Oil Company, as its name indicates, is presumably incorporated for the purpose of producing, refining, and marketing crude oil and its products, including retail distribution. Mr. Clint Murchison and Mr. Toddie Lee Wynne are stockholders and directors in the life insurance company, and are the principal stockholders in the oil company.

"A plan has been submitted to us for approval in a policy form and application form whereby life policies are offered to the public generally by the insurance company for which the first year premiums are agreed to be paid, and actually paid in advance, jointly by the employer of the assured and by the oil company in certain agreed proportions, and these facts are reflected in the face of the policies themselves.

"We understand the oil company has set up a fund of $50,000 to be used for this purpose and charged to advertising of the oil company, whose name, of course, appears in the face of the policy as having donated its share of the first year premiums. Obviously the plan is designed also to increase the business of the

insurance company, and thus this scheme rebounds to
the benefit of the common stockholdres in the two
companies at both ends of the line.

"The authorities cited in "Insurance," 24 Tex.
Jur., Sections 137, and 231, and in Couch on Insurance,
Sections 107, 350, 605, and 606 seem to indicate that
since, so far as we have been able to discover, we
have no statute forbidding the practice mentioned a-
bove, it is not illegal unless by reason of the com-
munity of ownership, interest, and control as between
the two companies which might be a form of rebating,
discrimination, or other practice forbidden by the
statutes hereafter mentioned, or contrary to public
policy generally.

"We respectfully invite your attention to the
provisions of Articles 568, 569 and 578 of the Penal
Code, and Articles 5053, 5056 and 5064 of the Revised
Civil Statutes, which may have some bearing upon the
questions here propounded.

"We respectfully ask your opinion as to whether
the plan above outlined is lawful and should be ap-
proved by us in policies and application forms, or
whether the scheme contravenes the provisions of any
constitution or statutory provision or is contrary
to public policy otherwise in view of the community of
ownership, interest, and control as between the two
companies."

Article 5053, Vernon's Annotated Civil Statutes, among
other things, provides in effect that no inducement to insurance
shall be made unless specified in the policy or contract of in-
surance. Apparently this requirement has been complied with by
inserting into the insurance policies or contracts the following
paragraph:

"This policy is issued in consideration of the
application therefor, a copy of which is attached
hereto and made a part hereof, and of the payment
in advance of the first premium of $ ___ , the re-
ceipt of which is hereby acknowledged, which shall

Honorable O. P. Lockhart, Chairman, Page 3

maintain this policy in force for the period termi-
nating on the _____ day of _____, 19___, and
it will be continued in force upon the further pay-
ment of $____ on said date and on the _____ day of
every _____ thereafter until the policy anni-
versary nearest the date on which the insured at-
tains the age of _____ years or until the prior
death of the insured; the said first premium only
to be paid jointly by _____
(employer of the insured) and _____
(corporation)."

We have carefully considered the statutes mentioned in
your letter and are of the opinion that the proposed plan of
the Reserve Loan Life Insurance Company and the American Liberty
Oil Company does not contravene any of these statutes.

It is stated in Couch's Cyclopedia of Insurance Law,
Vol. 3, page 1962, that:

"Payment of insurance premiums is not necessar-
ily the personal act of the insured, consequently,
and as a general rule, anyone may pay the premiums
or assessments on an insurance policy or benefit cer-
tificate, with the result that, if accepted, the pay-
ment is as valid as if made by the insured himself,
and this whether the payment was voluntary, or pur-
suant to request of, or a contract with, the person
or persons responsible for such payment, this being
especially true in the case of request or express
contract, provided, of course, that there are no ele-
ments of wagering sufficient to avoid the contract
of insurance, or such payments are not prohibited by
a statute, and are not made after the policy has
ceased to be a valid and enforceable contract. * * *"

With reference to the payment of premiums on insurance
policies, the general rule as stated in Corpus Juris, Vol. 32, p.
1197, is as follows:

Honorable O. P. Lockhart, Chairman, Page 4

"Premiums may be paid by insured or benefi-
ciary, or by someone for him, even though the
one so paying has no insurable interest."

Apparently, under the general rules above mentioned,
the payment of insurance premiums can be made by anyone where
such payments are not prohibited by statute. We have failed to
find any Texas Statute prohibiting such payments.

In the case of Thayer et al vs. Wathem et al, 44 S. W.
906, it is stated:

"Because the parties composing both companies
are the same is no bar to their dealing with each
other. All the law requires in such cases is that
the transaction shall be free from fraud and exe-
cuted in good faith."

This was a suit brought for the construction of a trust
agreement, and to require one of the trustees, to accept stock of
the new company, and transfer the franchises and property of the
Dallas Rapid-Transit Railway Company to the new corporation or-
ganized by virtue of said trust agreement.

In Fletcher's Cyclopedia Corporations Vol. 2, p. 1857,
it is stated:

"Whenever a corporation has power to make a
contract, it can make it with another corporation
as well as an individual or partnership. However,
it has been held that contracts between two corp-
orations, in order to bind either of them, must be
within the powers of both.

"If the right to contract exists, it is imma-
terial if the same officers and stockholders control
both contracting corporations, if there is no bad
faith."

However, as we understand the question before us, we do not have
the proposition of two separte corporations contracting with each
other with the same officers and stockholders. Apparently there

Honorable O. P. Lockhart, Chairman, Page 5

is no contract whatsoever between the American Liberty Oil Company and the Reserve Loan Life Insurance Company. The oil company merely agrees to pay and does pay a part of the premium on all policies of a certain class.

The question is raised whether the American Liberty Oil Company has the legal power and authority to perform the above mentioned acts as advertising for said company. It is stated in Fletcher's Cyclopedia on Corporations, Vol. 2, page 1787:

"A corporation may adopt any proper means of advertising its business or its enterprise, and make necessary contracts with the publishers of newspapers or others for such purpose."

It is further stated in the same volume on page 1788:

"The most difficult of all questions relating to implied powers is whether, in a particular case, a corporation may aid a person or a firm or another company when its purpose in so doing is to increase its own business. This question often arises in connection with donations by a corporation to aid an enterprise, the success of which will increase the business of the donating corporation, in connection with the power of the corporation to become a guarantor or a surety to help a person, firm or another corporation, where the effect will be to enable the corporation to make a sale or obtain a steady customer or to otherwise help its business, and in various other phases. It most frequently arises in connection with the business of brewing companies, land companies, street car companies and the like. All that can be said is that the circumstances of the particular case largely control the question; that some courts are more liberal than others in allowing corporations to do acts which a level-headed business man, as an individual, would do to help his business; that the undoubted tendency of the courts is in the direction of upholding such acts. * * * ."

299

It is our opinion that the above mentioned plan is not prohibited by law and that the Department of Insurance may legally approve application and policy forms containing the above quoted paragraph.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Ardell Williams

Ardell Williams
Assistant

AW:ej



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN